**TELEVISION SIGNAL CORPORATION, Plaintiff,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, Defendant.**

**No. C 00–2311 VRW.**

United States District Court, N.D. California.

Dec. 18, 2003.

Virginia A. Crisp, Coblentz Patch Duffy & Bass LLP, San Francisco, CA.

Richard R. Patch, Coblentz Patch Duffy & Bass LLP, San Francisco, CA.

Naomi Rustomjee, Coblentz Patch Duffy & Bass LLP, San Francisco, CA.

Clifford E. Yin, Coblentz Patch Duffy & Bass LLP, San Francisco, CA.

Louise H. Renne, City Attorney's Office, San Francisco, CA.

## ORDER

WALKER, District Judge.

Plaintiff filed an administrative request for dismissal without prejudice of its remaining claims in this action. Doc # 64. According to the analysis below, the court GRANTS plaintiff's request.

### I

On June 25, 2002, the court issued an order on plaintiff's and defendant's cross motions for partial summary judgment. Doc # 60. Plaintiff's complaint contained eleven causes of action. The court did not adjudicate plaintiff's third and fifth causes of action. The court granted partial summary judgment in favor of plaintiff on its first cause of action. *Id.* at 35–36. The court granted partial summary judgment in favor of defendant on plaintiff's seventh cause of action. *Id.* at 22. The court dismissed without prejudice plaintiff's eighth cause of action. *Id.* at 36. Although given leave to amend this cause of action, plaintiff did not do so and thus this cause of action is not currently pending before the court. The court also dismissed with prejudice plaintiff's second, fourth and sixth through eleventh causes of action to the extent that they requested monetary relief. *Id.* at 15. Accordingly, the only causes of action currently before the court are plaintiff's third and fifth causes of action, as well as plaintiff's second, fourth, sixth, ninth, tenth and eleventh causes of action for non-monetary relief (the "remaining causes of action").

### II

Plaintiff now requests the court to dismiss without prejudice the remaining causes of action. Doc # 64. Under FRCP 41(a)(2),

the court may impose "such terms and conditions as the court deems proper." Defendant argues that the court should impose two conditions on any dismissal under of the remaining two causes of action. Doc # 71. First, defendant argues that dismissal should "be conditioned upon [plaintiff] agreeing not to file the dismissed claims again, either in federal or state court." *Id.* at 1. Second, defendant argues that dismissal should "be conditioned upon the Court determining that the judgment to be obtained by [plaintiff] will be final under Rule 54(b), and so appealable." *Id.*

The Ninth Circuit in *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (2002), recently considered this issue. In *James*, the plaintiff brought suit seeking compensation under two sets of contract claims. The district court granted summary judgment in the defendant's favor on the first set of contract claims. The plaintiff thereafter petitioned for voluntary dismissal of his remaining claims under FRCP 41(a)(2) and appealed the district court's order.

The *James* court addressed the question whether partial adjudication of the plaintiff's claims coupled with the plaintiff's voluntary dismissal of the remaining claims without prejudice is a final judgment that can be appealed or whether such dismissal was an inappropriate attempt to obtain an impermissible interlocutory appeal. *Id.* at 1065–66.

The *James* court held that it had jurisdiction to hear plaintiff's appeal. The court first found that "there is no evidence [plaintiff] attempted to manipulate our appellate jurisdiction by artificially 'manufacturing' finality." *Id.* at 1066. The *James* court also found it significant that the plaintiff "assume[d] the risk" that the statute of limitations or laches would bar plaintiff from reasserting the previously dismissed claims. *Id.*

The *James* court distinguished *Fletcher v. Gagosian*, 604 F.2d 637 (9th Cir.1979). In *Fletcher*, the district court had refused to sever the plaintiff's claims under FRCP 54(b) thus preventing the plaintiff from appealing the court's decision at that time. *Id.* at 638–39. The plaintiff thereafter caused the remaining claims to be dismissed without prej-

udice, appealed and refiled the remaining claims as a separate action. *Id.* The *Fletcher* court found that the plaintiff's attempt to manipulate appellate jurisdiction was a ground to deny the plaintiff access to the federal court. The *James* court found *Fletcher* distinguishable because the plaintiff in *James* had received the court's approval in obtaining dismissal of the claims and did not refile the dismissed claims in a separate lawsuit "simultaneously with the appeal." *James,* 283 F.3d at 1067.

In this case, it appears to the court that plaintiff is not attempting to manipulate finality requirements to obtain early appellate review. Plaintiff has represented, through the unverified statement signed by plaintiff's attorney, that plaintiff "now wishes to take judgment against San Francisco and cease prosecution" of its remaining causes of action. This statement suggests to the court that defendant does not intend to seek appellate review at all, let alone on an improperly rapid basis. If this is the case, there can be no fear of improper manipulation. Nor does it appear to the court that plaintiff intends to refile the remaining causes of action as a separate lawsuit during the pendency of any appeal that might occur; plaintiff has expressed a wish to "cease prosecution" of the remaining causes of action.

The court does find some cause for concern in plaintiff's resistance to dismissal with prejudice of the remaining claims. The court's analysis in this order might change if it appeared that plaintiff was intending to appeal the court's grant of partial summary judgment against plaintiff. The court's analysis might also change if it appeared that plaintiff intended to refile the remaining causes of action as a separate lawsuit during the pendency of any appeal.

If these concerns come to fruition, any problems that result may be dealt with at a later date. If plaintiff does appeal the court's judgment on the other claims, the appellate court would be able to take this into consideration in determining whether plaintiff had "artificially 'manufactur[ed]' finality." *James,* 283 F.3d at 1066. Additionally, if plaintiff attempts to refile the remaining claims as a separate lawsuit in the Northern District of California, defendant may file a notice of related cases under Civ LR 3–12, which the court would be very likely to grant.

The court thus finds that granting plaintiff's request to dismiss the remaining causes of action without prejudice is appropriate.

### III

According to the foregoing, the court DISMISSES without prejudice plaintiff's causes of action three and five. The court also DISMISSES without prejudice all pending portions of plaintiff's remaining causes of action two, four, six, nine, ten and eleven. The clerk is DIRECTED to enter judgment on the basis of this order and the court's June 25, 2002, order (Doc # 60).

IT IS SO ORDERED.